The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Lorrie Dollar. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. The Industrial Commission has jurisdiction over the subject matter of this case, the parties are properly before the Commission, and the parties were subject to and bound by the provision of the North Carolina Workers' Compensation Act at all relevant times.
2. Cigna Insurance Company was the carrier on the risk, with ESIS, Inc., as the servicing agent.
3. The employee-employer relationship existed between the parties at all relevant times.
4. The issue for determination is whether the plaintiff contracted a compensable occupational disease, and if so, to what benefits may she be entitled under the Act.
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
 FINDINGS OF FACT
1. On October 17, 1995, the plaintiff was a forty-one year old female who had been employed for sixteen years with First Union Corporation. She was a high school graduate and had completed business courses at the local community college.
2. In February of 1986, the plaintiff was treated by Dr. Thomas C. Sundberg for low back pain following a 1985 bus accident in which she sustained injuries at L5-S1. The plaintiff has arthritis, leg pain, fibromyalgia as treated by numerous orthopedists and rheumatologists, which are unrelated to this claim.
3. Prior to 1995, the plaintiff suffered from allergies and sinus problems, for which she had received medical treatment and medications. In December of 1989, the plaintiff was seen by Dr. Clontz of Metrolina Family Physicians for smoke sensitivity and allergic rhinitis for which she was prescribed Hismanal and Nasalide. She continued to receive medical treatment for these allergies.
4. On March 25, 1994, the plaintiff returned to Dr. Clontz with complaints of dizziness, stomach, neck and head pain, sinus congestion, and nausea. Prescription medications were provided. On March 28, 1994, the plaintiff returned to Dr. Clontz with additional complaints of eye pain and itchiness. She continued to see Dr. Clontz with complaints of dizziness, allergies, and nausea through May of 1994.
5. The plaintiff worked for the defendant-employer as a customer relations center representative, where she received customer calls via a toll-free number. She also used a computer to perform her duties. Prior to October of 1995, she had allergies and sinus problems.
6. The defendant-employer relocated its offices to a new building on Harris Boulevard on October 14, 1995, and the plaintiff unpacked her desk items and attended a training on that day. The plaintiff worked on October 16, 1995 without any problems.
7. On or about October 17, 1995, the plaintiff complained of nausea and dizziness after smelling an odor while working in her assigned work station in the afternoon. The plaintiff contends she smelled this odor on or before this date.
8. The plaintiff reported her problems to Mike Wolf, who was her team leader. Thereafter, her workstation was relocated between four and ten times.
9. Initially, the plaintiff sought medical treatment on her own from Dr. Jeffrey Cardwell, her primary care physician under the defendant-employer's health plan.
10. The plaintiff was referred to allergist Dr. Glenn W. Errington for testing. She was subsequently diagnosed with asthma.
11. The plaintiff has remained out of work since April 29, 1996.
12. On or about October 17, 1995, the plaintiff's average weekly wage was $282.55, which yields a compensation rate of $188.38, per week, based upon the Form 22 Wage Chart.
13. The plaintiff denies Dr. Cardwell referred her for psychological treatment.
14. According to Larry Blankenship, an Employee Health Specialist with defendant, the plaintiff has received short-term disability from October 17, 1995 through December 14, 1995 and from May 6, 1996 through November 5, 1996, due to her length of service under the Employer's plan.
15. Andrew P. Mason, who holds a B.S. degree and Ph.D. in Medicinal Chemistry, was qualified as an expert in environmental toxicology. He is employed by National Medical Services in Boone. Dr. Mason opined there is no source identified in the worksite as being responsible for plaintiff's symptoms. Air sample studies were performed in the workplace from October 19, 1995 through December of 1995, which disclosed that all chemicals in the building were below OSHA and NOISH levels, although OSHA did recommend humidity levels be increased due to complaints of nasal dryness. Dr. Mason was present in the courtroom for one hour and thirty minutes.
16. Ron Sharpe, an Industrial Hygienist with S ME, Inc., was hired in October of 1995 by the property management company. He observed sharp, pungent, nauseating odors from the plaintiff's desk top, similar to that from a home permanent. Slight odors also came from the partition. Air samples were done at the top of the desk, at the level where the plaintiff would be. No Phenol or Formaldehyde were detected.
17. Employee questionnaires were distributed. Responses noted complaints of sinus, ear, and eye irritations. Five people complained of dryness, eyes burning. However, no one complained of rash and nausea as the plaintiff had.
18. Thomas Coghill, with North Carolina Department of Labor in 1995, made a five day inspection on site. The plaintiff told him S ME had been paid to falsify its results; however, there was no evidence on this. The plaintiff stated that she felt they were testing her, using her as a guinea pig by pumping things into rooms and work stations where she worked. There was no evidence in the record to support plaintiff's allegations.
19. Lisa Adcock, facilities manager with Childress Klein Property, the on-site property managers, began occupying the building in June of 1995. She suffers from Lupus and is ultrasensitive to smells. Therefore, she contacted S ME to conduct air quality tests after receiving plaintiff's complaints.
20. The plaintiff has not sufficiently met her burden of proof to show by competent medical evidence that she has contracted a compensable occupational disease. Further, she has failed to offer by competent medical evidence that her symptoms were causally related to her employment. In fact, the credible medical evidence of Dr. Clontz suggests the plaintiff was complaining of dizziness and nausea one year prior to her office relocating, and she offered no evidence to relate those symptoms to the work.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSION OF LAW
The plaintiff bears the burden of proving each element of compensability in order to prove the existence of an occupational disease within the meaning of N.C. GEN. STAT. § 97-53(13). This requires the plaintiff to show that (1) the disease must be characteristic of a trade or occupation; (2) the disease must not be an ordinary disease of life to which the public is equally exposed outside of the employment; and (3) there must be proof of causation. Hansel v. Sherman Textiles, 304 N.C. 44,283 S.E.2d 101(1981). In the instant case, the plaintiff has failed to establish that her condition was characteristic of and peculiar to her employment, or to causally related the symptoms to her work by competent medical evidence.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Plaintiff's claim is, and under the law must be, DENIED.
2. Each side shall pay its own costs.
This the 30th day of June 1998.
 S/ __________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ ________________________ LAURA KRANIFIELD MAVRETIC COMMISSIONER
S/ ________________________ RENÉE C. RIGGSBEE COMMISSIONER
TJB/cnp/db